Citation Nr: 1536757 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 05-33 660 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

Entitlement to compensation under 38 U.S.C.A. § 1151 for residuals of a T12 fracture, based upon pre-surgical and post-surgical treatment at a Department of Veterans Affairs (VA) facility from December 2001 to January 2003 and from January 2003 to February 2003.


ATTORNEY FOR THE BOARD

M. Mills, Associate Counsel


INTRODUCTION

The Veteran had active service from January 1971 until April 1972

This matter comes before the Board of Veteran's Appeals (Board) on appeal from a March 2005 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Reno, Nevada.

The Board initially considered this appeal in February 2008 and denied the claim to the extent the Veteran sought entitlement to 38 U.S.C.A. § 1151 benefits for the January 28, 2003, surgery which was performed at the Medical University of South Carolina (MUSC) and remanded the claims concerning entitlement to 38 U.S.C.A. § 1151 benefits for post-surgical hospitalization and treatment at VA from January to February 2003 and entitlement to a total disability rating based on individual unemployability (TDIU) for additional development. The Veteran appealed the February 2008 decision to the United States Court of Appeals for Veterans Claims, and in a June 2010 memorandum decision the Court affirmed the Board's denial of benefits under 38 U.S.C.A. § 1151 for the January 28, 2003, surgery performed at MUSC. Therefore, that issue is no longer before the Board.

In a February 2011 decision, the Board denied the claims for entitlement to benefits under 38 U.S.C.A. § 1151 for post-surgical treatment and entitlement to TDIU. The Veteran appealed the February 2011 decision to the Court, and in an April 2012 memorandum decision, the Court vacated the portion of the Board's February 2011 decision concerning entitlement to compensation under 38 U.S.C.A. § 1151 and remanded that claim for further development. The April 2012 memorandum decision indicated that the scope of the claim included assertions of VA negligence prior to the January 28, 2003, surgery, including the late provision of surgical care and the failure to consider alternative operations to the surgery provided. 

The Board's February 2011 denial of TDIU was affirmed by the Court. However, the Court noted that TDIU could be revisited as a downstream issue should benefits under 38 U.S.C.A. § 1151 be granted in the future.

The Veteran was previously represented by a private attorney. The attorney withdrew representation in an August 2014 letter. The Agency of Original Jurisdiction acknowledged the withdrawal of representation in the May 2015 supplemental statement of the case which was issued to the Veteran.



REMAND

The Board finds that additional development is necessary prior to adjudication of the claim on appeal.

The Veteran has contended that VA was negligent in its pre-surgical and post-surgical treatment of his thoracic spine disability and seeks entitlement to compensation under 38 U.S.C.A. § 1151. The record shows the Veteran fell from a ladder and sustained an injury to the spine in December 2001. He was seen at VA after the injury and in December 2002 an order was placed for fee-basis surgery as VA did not have the necessary equipment. The surgery was performed at the MUSC on January 28, 2003. After surgery, the Veteran was transferred to a VA facility on February 3, 2003, for recovery and was discharged February 13, 2003. He continued to receive follow-up care at VA after his discharge.

In response to a February 2013 remand, VA obtained a medical opinion regarding the Veteran's claim for compensation under 38 U.S.C.A. § 1151. On review of the evidence, the Board finds a remand is necessary to obtain an addendum opinion concerning the Veteran's pre-surgical care from December 2001 until January 2003. In the April 2011 memorandum decision, the Court specifically indicated that the scope of the Veteran's claim included assertions of VA negligence prior to the January 28, 2003, surgery, including the late provision of surgical care and the failure to consider alternative operations to the surgery provided. In an April 2015 VA medical opinion, a VA examiner indicated that the standard degree of care that would be expected of a reasonable healthcare provider was not provided in furnishing pre-surgical treatment from December 2001 until 2003. However, the record does not indicate whether that resulted in any additional disability due to the statutory causes that could result in entitlement to benefits pursuant to 38 U.S.C.A. § 1151. The examiner also indicated that advocates can be found for both operative and nonoperative management. That notwithstanding, the Board is without the medical expertise to determine whether the Veteran sustained any additional disability as a result of his pre-surgical care from December 2001 until January 2003. Therefore, an additional medical opinion is needed.

Accordingly, the case is REMANDED for the following action:

1. Forward the claims file to the VA examiner who provided the April 2015 medical opinion or to a physician with sufficient expertise to provide a supplemental opinion regarding the claimed additional disability resulting for pre-surgical treatment by VA. The examiner must review the claims file and must note that review in the report. Any indicated studies should be performed. The supporting rationale for all opinions expressed should be provided. Based on a review of the record, the examiner should provide the following medical opinions:

(a) Is it at least as likely as not (50 percent or greater probability) that the Veteran has additional disability as a result of a lack of appropriate or timely diagnosis of a T12 compression fraction from December 2001 until January 2003? The examiner should specifically address the timeliness of the provision of surgical care and the failure to consider alternative operations prior to the surgery.

(b) If there is additional disability, is it at least as likely as not (50 percent or greater probability) that the additional disability is the result of carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of VA in furnishing the pre-surgical treatment? 

(c) If there is additional disability, is it at least as likely as not (50 percent or greater probability) that the additional disability is the result of an event not reasonably foreseeable?

2. Then, readjudicate the claim. If any benefit sought on appeal remains denied, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).